# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DONALD KEITH WASHBURN, | |
| Movant, | No. C13-0112-LRR |
| | No. CR12-0041-LRR |
| vs. | |
| UNITED STATES OF AMERICA. | ORDER |

---

This matter appears before the court on Donald Keith Washburn's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Donald Keith Washburn ("the movant") filed such motion on October 18, 2013. In the underlying criminal case, judgment entered against the movant on December 13, 2012, the movant filed a notice of appeal on December 27, 2012, the movant filed a notice of dismissal on February 4, 2013, and the Eighth Circuit Court of Appeals dismissed the movant's appeal on February 5, 2013. In a related case, that is, *United States v. Washburn*, Case #: 1:11-cr-00100-LRR (N.D. Iowa 2012), judgment entered against the movant on August 24, 2012, the movant filed a notice of appeal on August 31, 2012, and the Eighth Circuit Court of Appeals resolved the movant's direct appeal on August 27, 2013. Edwin Marger was retained by the movant, represented the movant in both criminal actions and still represents the movant. In light of the record, it is clear that the movant's four grounds for relief are procedurally defaulted; the movant is unable to assert claims that could have been raised and addressed by the court and the Eighth Circuit Court of Appeals. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (discussing when claims are procedurally defaulted); *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) (concluding that

a collateral proceeding is not a substitute for a direct appeal and refusing to consider matters which could have been raised on direct appeal). Further, the reason offered to excuse his procedural default is without merit because any of the court's rulings, including the ruling related to his in forma pauperis status, could have been addressed by the Eighth Circuit Court of Appeals. Based on the foregoing, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied. A certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 14th day of November, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA